UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:21-CR-00534-RLW |
| | ) |
| CAPRI DUVALL, | ) |
| | ) |
| Defendant. | ) |

## GUILTY PLEA AGREEMENT

Come now the parties and hereby agree, as follows:

## 1. PARTIES:

The parties are the defendant Capri Duvall, represented by defense counsel Raphael Morris,

and the United States of America (hereinafter "United States" or "Government"), represented by

the Office of the United States Attorney for the Eastern District of Missouri. This agreement

does not, and is not intended to, bind any governmental office or agency other than the United

States Attorney for the Eastern District of Missouri. The Court is neither a party to nor bound by

this agreement.

## 2. GUILTY PLEA:

Pursuant to Rule 11(c)(1)(A), Federal Rules of Criminal Procedure, in exchange for the

defendant's voluntary plea of guilty to Count I, the Government agrees that no further federal

prosecution will be brought in this District relative to the defendant's embezzlement of bank

funds, of which the Government is aware at this time.

1

In addition, the parties agree that the U.S. Sentencing Guidelines Total Offense Level analysis agreed to by the parties herein is the result of negotiation and led, in part, to the guilty plea. The parties further agree that either party may request a sentence above or below the U.S. Sentencing Guidelines range (combination of Total Offense Level and Criminal History Category) ultimately determined by the Court pursuant to any chapter of the Guidelines and Title 18, United States Code, Section 3553(a). The parties further agree that notice of any such request will be given no later than ten days prior to sentencing and that said notice shall specify the legal and factual bases for the request.

The defendant also agrees, pursuant to the guilty plea to Count I, to forfeit to the United States all property subject to forfeiture under the applicable statute(s). The defendant also agrees to the entry of a forfeiture money judgment in the amount of $280,000.

## 3. ELEMENTS:

As to Count I, the defendant admits to knowingly violating Title 18, United States Code, Sections 656 and 2, and admits there is a factual basis for the plea and further fully understands that the elements of the crime are:

(1) defendant was a manager at Regions Bank;

(2) defendant embezzled the funds of Regions Bank;

(3) the amount so embezzled was more than $100.00; $1,000.00 RM *ELD*

(4) defendant did so with the intent to defraud Regions Bank; and

(5) Regions Bank was insured by the FDIC.

2

## 4. FACTS:

The parties agree that the facts in this case are as follows and that the government would prove these facts beyond a reasonable doubt if the case were to go to trial. These facts may be considered as relevant conduct pursuant to Section 1B1.3:

Regions Bank was a financial institution whose accounts were insured by the Federal Deposit Insurance Corporation ("FDIC"). On or about July 19, 2021, defendants Capri Duvall and Chloe Anderson were employees of Regions Bank located at 1512 Kienlen Ave, Wellston, MO 63133. Defendant Capri Duvall was the assistant branch manager at Regions Bank. As an assistant branch manager, defendant Duvall was placed in a position of trust with respect to her responsibilities and duties at the federally insured financial institution. Defendant Chloe Anderson was a teller at Regions Bank.

On July 19, 2021, defendant Duvall and co-defendant Chloe Anderson embezzled $284,000 in bank funds from the Regions Bank where they worked. That day, defendant Duvall stated that she wanted to take some money from the bank. Due to Duvall's position with the bank, she received several notifications that the ATM was empty and needed to be filled. Defendant Duvall and co-defendant Anderson went into the cash vault to obtain bank funds. Defendant Duvall filled a blue recycling bin with approximately two "bricks" of twenty-dollar-bills and one "brick" of fifty-dollar-bills. One "brick" of twenty-dollar-bills equals $20,000 and one "brick" of fifty-dollar-bills equals $50,000. Defendant Duvall then placed a plastic bag of money on top of the other cash. Defendant Duvall and co-defendant Anderson proceeded across the lobby to the ATM room, but they did not load any money into the ATM. Co-defendant Anderson subsequently picked up the blue bin to return it to the vault. The same amount of cash

3

that was originally taken from the vault was not returned to the vault room. Co-defendant Anderson returned the blue recycling bin back to the vault. Shortly thereafter, defendant Duvall walked out of the bank with the purloined bank funds in a brown box and placed them in her car. Defendant Duvall then returned to the bank. At approximately 5:15pm, all employees left the building. Defendant Duvall advised co-defendant Anderson to follow her. Defendant Duvall and co-defendant Anderson drove to Highway 70 and drove north into the city of St. Louis. Co-defendant Anderson and another person got into the back of defendant Duvall's vehicle. Defendant Duvall gave co-defendant Anderson a brick of 20's and two straps of 50's, which equates to $30,000. Defendant Duvall also gave stolen bank funds to another person at that time. On July 20, 2021, at approximately 12:57am, early that next morning, defendant Duvall resigned as an employee from Regions Bank. Defendant Duvall fled the Eastern District of Missouri shortly thereafter.

Beginning on or about July 19, 2021, within the Eastern District of Missouri, aiding and abetting each other, the defendants, Capri Duvall and Chloe Anderson, each being an employee of Regions Bank, an FDIC insured financial institution, with intent to injure and defraud Regions Bank, willfully embezzled and purloined a sum in excess of $1,000 of the moneys and funds entrusted to the custody and care of the financial institution, in that the defendants stole approximately $284,000 from the vault of the Regions Bank branch where they were employed without the knowledge or authorization of the financial institution from which they had purloined the funds. The total amount of the stolen funds was approximately $280,000.

## 5. STATUTORY PENALTIES:

As to Count I, the defendant fully understands that the maximum possible penalty

provided by law for the crime to which the defendant is pleading guilty is imprisonment of not

more than 30 years, a fine of not more than $1,000,000, or both such imprisonment and fine.

The Court may also impose a period of supervised release of at least 3 years.

## 6. U.S. SENTENCING GUIDELINES: 2018 MANUAL:

The defendant understands that this offense is affected by the U.S. Sentencing Guidelines

and the actual sentencing range is determined by both the Total Offense Level and the Criminal

History Category. The parties agree that the following are the applicable U.S. Sentencing

Guidelines Total Offense Level provisions.

### a. Chapter 2 Offense Conduct:

(1) **Base Offense Level:** The parties agree that the base offense level is 7, as found in

Section 2B1.1(a).

(2) **Specific Offense Characteristics:** The parties agree that the following Specific

Offense Characteristics apply:

An additional 12 levels are added because the offense resulted in a loss of over $250,000,

but not more than $550,000 occurred, pursuant to 2B1.1(b)(1)(G).

### b. Chapter 3 Adjustments:

(1) **Acceptance of Responsibility:** The parties agree that two levels should be

deducted pursuant to Section 3E1.1(a), and a third point pursuant to section (b) because the

defendant has clearly demonstrated acceptance of responsibility. The parties agree that the

defendant's eligibility for this deduction is based upon information presently known. If

5

subsequent to the taking of the guilty plea the government receives new evidence of statements or conduct by the defendant which it believes are inconsistent with defendant's eligibility for this deduction, the government may present said evidence to the court, and argue that the defendant should not receive all or part of the deduction pursuant to Section 3E1.1, without violating the plea agreement.

(2) **Other Adjustments**: The parties agree that the following additional adjustments apply:

Pursuant to Section 2B1.3, two levels are added because defendant abused a position of trust in a manner that facilitated the commission of and concealed the offense.

c. **Other Adjustment(s)/Disputed Adjustments**: None.

d. **Estimated Total Offense Level**: The parties estimate that the Total Offense Level is 18.

e. **Criminal History**: The determination of the defendant's Criminal History Category shall be left to the Court. Either party may challenge, before and at sentencing, the finding of the Presentence Report as to the defendant's criminal history and the applicable category. The defendant's criminal history is known to the defendant and is substantially available in the Pretrial Services Report.

f. **Effect of Parties' U.S. Sentencing Guidelines Analysis**: The parties agree that the Court is not bound by the Guidelines analysis agreed to herein. The parties may not have foreseen all applicable Guidelines. The Court may, in its discretion, apply or not apply any Guideline despite the agreement herein and the parties shall not be permitted to withdraw from the plea agreement.

6

## 7. WAIVER OF APPEAL AND POST-CONVICTION RIGHTS:

**a. Appeal:** The defendant has been fully apprised by defense counsel of the defendant's rights concerning appeal and fully understands the right to appeal the sentence under Title 18, United States Code, Section 3742.

**(1) Non-Sentencing Issues:** The parties waive all rights to appeal all non-jurisdictional, non-sentencing issues, including, but not limited to, any issues relating to pretrial motions, discovery, the guilty plea, the constitutionality of the statute(s) to which defendant is pleading guilty and whether defendant's conduct falls within the scope of the statute(s).

**(2) Sentencing Issues:** In the event the Court accepts the plea, accepts the U.S. Sentencing Guidelines Total Offense Level agreed to herein, and, after determining a Sentencing Guidelines range, sentences the defendant within or below that range, then, as part of this agreement, the defendant hereby waives all rights to appeal all sentencing issues other than Criminal History, but only if it affects the Base Offense Level or Criminal History Category. Similarly, the Government hereby waives all rights to appeal all sentencing issues other than Criminal History, provided the Court accepts the plea, the agreed Total Offense Level and sentences the defendant within or above that range.

**b. Habeas Corpus:** The defendant agrees to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to Title 28, United States Code, Section 2255, except for claims of prosecutorial misconduct or ineffective assistance of counsel.

**c. Right to Records:** The defendant waives all rights, whether asserted directly or by a representative, to request from any department or agency of the United States any records

7

pertaining to the investigation or prosecution of this case, including any records that may be

sought under the Freedom of Information Act, Title 5, United States Code, Section 522, or the

Privacy Act, Title 5, United States Code, Section 552(a).

**8. OTHER:**

a. **Disclosures Required by the United States Probation Office**: The defendant agrees

to truthfully complete and sign forms as required by the United States Probation Office prior to

sentencing and consents to the release of these forms and any supporting documentation by the

United States Probation Office to the government.

b. **Civil or Administrative Actions not Barred; Effect on Other Governmental**

**Agencies**: Nothing contained herein limits the rights and authority of the United States to take

any civil, tax, immigration/deportation or administrative action against the defendant.

c. **Supervised Release**: Pursuant to any supervised release term, the Court will impose

standard conditions upon the defendant and may impose special conditions related to the crime

defendant committed. These conditions will be restrictions on the defendant to which the

defendant will be required to adhere. Violation of the conditions of supervised release resulting

in revocation may require the defendant to serve a term of imprisonment equal to the length of

the term of supervised release, but not greater than the term set forth in Title 18, United States

Code, Section 3583(e)(3), without credit for the time served after release. The defendant

understands that parole has been abolished

d. **Mandatory Special Assessment**: Pursuant to Title 18, United States Code, Section

3013, the Court is required to impose a mandatory special assessment of $100 per count for a

total of $100, which the defendant agrees to pay at the time of sentencing. Money paid by the

8

defendant toward any restitution or fine imposed by the Court shall be first used to pay any unpaid mandatory special assessment.

**e. Possibility of Detention:** The defendant may be subject to immediate detention pursuant to the provisions of Title 18, United States Code, Section 3143.

**f. Fines, Restitution and Costs of Incarceration and Supervision:** The Court may impose a fine, restitution (in addition to any penalty authorized by law), costs of incarceration and costs of supervision. The defendant agrees that any fine or restitution imposed by the Court will be due and payable immediately. Pursuant to Title 18, United States Code, Section 3663A, an order of restitution is mandatory for all crimes listed in Section 3663A(c). Regardless of the Count of conviction, the amount of mandatory restitution imposed shall include all amounts allowed by Section 3663A(b) and the amount of loss agreed to by the parties, including all relevant conduct loss. The defendant agrees to provide full restitution to all victims of all charges in the indictment.

**g. Forfeiture:** The defendant agrees the stipulated facts above are sufficient to support forfeiture of certain assets pursuant to the applicable forfeiture authorities. The defendant also agrees to the entry of a forfeiture money judgment against the defendant and in favor of the Government in the amount of $284,000.00. The defendant agrees the Court may enter a consent preliminary order of forfeiture any time before sentencing, and such Order will become final as to the defendant when it is issued and will be part of the sentence. The defendant agrees not to object to any administrative, civil or criminal forfeiture brought against any assets subject to forfeiture. The defendant will execute any documents and take all steps needed to transfer title or ownership of said assets to the government and/or to rebut the claims of nominees and/or alleged

9

third party owners. The defendant knowingly and intelligently waives all constitutional and statutory challenges to any forfeiture carried out in accordance with this plea agreement, including but not limited to that defendant was not given adequate notice of forfeiture in the charging instrument.

The defendant knowingly and voluntarily waives any right, title, and interest in all items seized by law enforcement officials during the course of their investigation, whether or not they are subject to forfeiture, and agrees not to contest the vesting of title of such items in the United States. The defendant agrees that said items may be disposed of by law enforcement officials in any manner.

## 9. ACKNOWLEDGMENT AND WAIVER OF THE DEFENDANT'S RIGHTS:

In pleading guilty, the defendant acknowledges, fully understands and hereby waives his rights, including but not limited to: the right to plead not guilty to the charges; the right to be tried by a jury in a public and speedy trial; the right to file pretrial motions, including motions to suppress or exclude evidence; the right at such trial to a presumption of innocence; the right to require the government to prove the elements of the offenses against the defendant beyond a reasonable doubt; the right not to testify; the right not to present any evidence; the right to be protected from compelled self-incrimination; the right at trial to confront and cross-examine adverse witnesses; the right to testify and present evidence and the right to compel the attendance of witnesses. The defendant further understands that by this guilty plea, the defendant expressly waives all the rights set forth in this paragraph.

The defendant fully understands that the defendant has the right to be represented by counsel, and if necessary, to have the Court appoint counsel at trial and at every other stage of

10

the proceeding. The defendant's counsel has explained these rights and the consequences of the waiver of these rights. The defendant fully understands that, as a result of the guilty plea, no trial will, in fact, occur and that the only action remaining to be taken in this case is the imposition of the sentence.

The defendant is fully satisfied with the representation received from defense counsel. The defendant has reviewed the government's evidence and discussed the government's case and all possible defenses and defense witnesses with defense counsel. Defense counsel has completely and satisfactorily explored all areas which the defendant has requested relative to the government's case and any defenses.

The guilty plea could impact defendant's immigration status or result in deportation. In particular, if any crime to which defendant is pleading guilty is an "aggravated felony" as defined by Title 8, United States Code, Section 1101(a)(43), removal or deportation is presumed mandatory. Defense counsel has advised the defendant of the possible immigration consequences, including deportation, resulting from the plea.

## 10. VOLUNTARY NATURE OF THE GUILTY PLEA AND PLEA AGREEMENT:

This document constitutes the entire agreement between the defendant and the government, and no other promises or inducements have been made, directly or indirectly, by any agent of the government, including any Department of Justice attorney, concerning any plea to be entered in this case. In addition, the defendant states that no person has, directly or indirectly, threatened or coerced the defendant to do or refrain from doing anything in connection with any aspect of this case, including entering a plea of guilty.

11

The defendant acknowledges having voluntarily entered into both the plea agreement and the guilty plea. The defendant further acknowledges that this guilty plea is made of the defendant's own free will and that the defendant is, in fact, guilty.

## 11. CONSEQUENCES OF POST-PLEA MISCONDUCT:

After pleading guilty and before sentencing, if defendant commits any crime, other than minor traffic offenses, violates any condition of release that results in revocation, violates any term of this guilty plea agreement, intentionally provides misleading, incomplete or untruthful information to the U.S. Probation Office or fails to appear for sentencing, the United States, at its option, may be released from its obligations under this agreement. The Government may also, in its discretion, proceed with this agreement and may advocate for any sentencing position supported by the facts, including but not limited to obstruction of justice and denial of acceptance of responsibility.

## 12. **NO RIGHT TO WITHDRAW GUILTY PLEA:**

Pursuant to Rule 11(c) and (d), Federal Rules of Criminal Procedure, the defendant

understands that there will be no right to withdraw the plea entered under this agreement, except

where the Court rejects those portions of the plea agreement which deal with charges the

government agrees to dismiss or not to bring.

4-28-2022
_____
Date

_____
Date

_____
Date

/s/ Edward L. Dowd III
_____
EDWARD L. DOWD III
Assistant United States Attorney

_____
CAPRI DUVALL
Defendant

_____
RAPHAEL MORRIS
Attorney for Defendant

13